[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
This is an action instituted by the plaintiff, Far Mill River Condominium Association, Inc., seeking to foreclose on statutory liens for condominium assessments which are allegedly owed by the defendant Kenton Clarke. In paragraph seven of the complaint, the plaintiff affirmatively states that "Despite demand for payment by plaintiff, no part of the above charges has been paid as of the date of this writ." The defendant filed an answer denying the plaintiff's claims.
Pending before the court is the plaintiff's motion for partial summary judgement as to liability against the defendant Clark. In support of this motion, the plaintiff has submitted the affidavit of James Banno, the plaintiff's property manager. Banno's affidavit states that $2,465.60 is owed by the defendant for common charges, late fees and assessments. The affidavit also provides an accounting ledger detailing the assessments charged to the defendant. This accounting ledger reflects a $1,000 charge for a "deductible on frozen pipe."
The defendant has objected to the motion for summary judgment and has submitted his affidavit in support of the objection. In this affidavit, the defendant asserts that he received a $1,700 bill from the plaintiff's management company without explanation. Despite requests for an explanation, he did not receive one. After receiving a demand letter from the plaintiff's attorney, he was advised that he was obligated to pay $1,000 as an insurance deductible, but he did not receive the policy or any supporting documentation to support this claim. He further claims that he proceeded to tender the monthly common charges, but his payments were returned to him, and "without explanation of these disputed charges, the plaintiff commenced this foreclosure action."
The defendant argues that summary judgment should be denied because there exist material issues of disputed fact. The court agrees and the CT Page 8939 motion for summary judgment is denied.
 DISCUSSION
The plaintiff claims that its foreclosure action is based on condominium common charges that have been validly assessed. The defendant denies the allegation that the charges have been validly assessed and are based on amounts that are rightfully owed. This factual dispute is material and precludes summary judgment under our practice book rules. See P.B. § 17-49. The plaintiff's arguments to the contrary are rejected.
The plaintiff first argues that the $1,000 charge is based on an insurance deductible which the plaintiff paid for coverage of water damages caused to the defendant's unit when a pipe burst. The plaintiff states that the damages were caused when the electricity and heat in the unit were shut off, and this shut off was caused by the defendant's negligence. The plaintiff, however, has provided no sworn affidavit or other admissible evidence to support any of these allegations. See P.B. § 17-45, § 17-46. Material factual disputes exist about why the pipes burst and whether the burst was caused by the defendant's negligence in a manner so that the $1,000 could be validly assessed under the terms of the condominium association's by laws.
The plaintiff further insists that even if material factual disputes exist it would be against the "public good" and the interests of other, innocent unit owners to allow the defendant to deny liability. To support this contention, the plaintiff refers to Superior Court decisions rejecting special defenses and counterclaims in condominium foreclosure cases based on the reasoning that defendants cannot avoid their fair share of the expenses of condominium operation because of unrelated grievances or disputes. See, e.g., Willow Spring Condominium Assoc. v.D'Angelis, Superior Court, judicial district of Litchfield, Docket No. 960070881 (September 16, 1996); Mountain View Condominium Association ofVernon, Conn., Inc. v. Rumford Associates, IV, et al., Superior Court, judicial district of Tolland at Rockville, Docket No. 9455693 (March 4, 1997); The Oaks Condominium Association v. Lemay, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 950466793 (August 7, 1997).
These cases relied on by the plaintiff are distinguishable because the defendant here has not asserted any counterclaims or special defenses. He has affirmatively denied that he has failed to pay validly assessed condominium charges as alleged by the plaintiff. This denial is not some "unrelated" grievance, but goes directly to the issue whether the plaintiff is legally entitled to the requested relief. According to the CT Page 8940 plaintiff, the "public good" dictates that the defendant is not entitled to his day in court to show that the amount plaintiff claims is owed is not actually owed. The court rejects the plaintiff's position.
The plaintiff also claims that the defendant cannot defeat summary judgment by alleging that he attempted to pay monthly common charges after the plaintiff made a demand for full payment. The plaintiff insists that there is no Connecticut law or condominium document that requires it "to accept partial payments . . . after demand has been made." The plaintiff's view, however, misses the point. The appropriate question is whether there is any Connecticut law or condominium document that authorizes the plaintiff to reject the payment of these accruing obligations.
A general rule of installment loans is that a creditor is not required to accept partial payment after there has been a default in the making of an installment payment and there has been an acceleration of the debt. After acceleration, a partial payment may be rejected because the full amount of the loan is due. The plaintiff's reliance on this rule is entirely inapposite because there has been no monetary advance here that is being repaid through periodic payments. In short, this is not an installment loan situation. The monthly condominium charges are accruing, individual obligations which are required to be paid when due and whose payment should be accepted when tendered. On one hand, the plaintiff complains about the unfairness to other unit owners for the defendant's failure to pay, but on the other hand insists that this harm should not be mitigated by its acceptance of payments on accruing obligations even if accepted under an express reservation of rights.
Furthermore, it appears that the plaintiff has assessed and seeks to recover late fees for the common charges for which it has refused to accept payment. In a different, but somewhat analogous context, our Appellate Court has precluded the recovery of late fees after acceleration of a mortgage debt. See Federal Deposit Ins. Corp. v. Napert-BoyerPartnership, 40 Conn. App. 434, 443-444 (1996).
In summary, there is a legitimate question whether the plaintiff has issued a valid assessment for the $1,000 insurance deductible. There are also legitimate questions whether the plaintiff has issued a valid assessment for condominium charges that the defendant has offered to pay, but the plaintiff has refused to accept, and whether late fees may be properly imposed on any such rejected payments.
Therefore, for the foregoing reasons, the plaintiff's motion for partial summary judgment is denied. CT Page 8941
So ordered this 17th day of July 2002.
STEVENS, J.